UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JON Q WRIGHT,

                          **Plaintiff,**

                -v-                                              23-CV-823JLS(Sr)

DONALD J RUPPERT,
d/b/a
SUNSET BAY WALLEYE SHOOT OUT,

                          **Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #12.

Plaintiff's complaint alleges infringement of his copyright over artwork depicting a Walleye fish chasing a green and yellow lure which was used by defendant to promote a fishing tournament known as the Sunset Bay Walleye Shoot Out. Dkt. #1.

By Order entered January 11, 2024, this Court awarded plaintiff $1725 in costs and attorney's fees, payable to plaintiff's counsel within 30 days, for defendant's failure to waive service pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure ("FRCP"). Dkt. #21.

When defendant failed to pay the costs and attorney's fees as directed, plaintiff moved to have plaintiff found in contempt of the Order and be awarded compensatory damages of at least $1,007.50, the value of the attorney's fees incurred in moving for contempt. Dkt. #24-1.

In response to the motion for contempt, defendant's attorney moved to withdraw as counsel. Dkt. #25. In support of the motion to withdraw, defense counsel affirmed that despite his efforts to communicate with defendant regarding the Order awarding plaintiff costs and attorney's fees pursuant to FRCP 4(d)(2), he had not received any response. Dkt. #26, p.2. In addition, defense counsel affirmed that defendant failed to pay invoiced legal fees, in violation of their retainer agreement. Dkt. #26, p.2.

By Order entered March 6, 2024, this Court granted defense counsel's motion to withdraw and directed plaintiff to retain new counsel or advise the court that he was proceeding *pro se*, and to show cause no later than April 5, 2024, why he should not be held in contempt for his failure to comply with the Court's Order directing him to pay plaintiff's counsel $1725 in costs and attorney's fees for defendant's failure to waive service pursuant to FRCP 4(d)(2). Defendant was forewarned that his failure to appear in this action, either on his own behalf or with counsel, could result in the entry of judgment against him by default.

Defendant has not responded to the Order to Show Cause.

Plaintiff moves for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. #30. In support of the motion, plaintiff's counsel declares that defendant ignored multiple attempts to communicate with plaintiff's counsel regarding plaintiff's claims prior to the filing of this action; has failed to respond to discovery demands which were served upon defendant on February 1, 2024; and has failed to communicate with him, individually or through counsel, subsequent to the filing of the Order to Show Cause. Dkt. #30-2.

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). This Rule provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a). "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (internal citation omitted). "Because entry of a default under Rule 55(a) is non-dispositive, a magistrate judge also may direct the Clerk of Court to enter a default pursuant to the referral for general pretrial management." *Federal Election Comm'n v LatPAC*, 21-CV-6095, 2022 WL 72304, at *2 (S.D.N.Y. Jan. 7, 2022), *citing Scalia v. Mucino*, 17-CV-605, 2021 WL 222012, at *1 (W.D.N.Y. Jan. 22, 2021).

-4-

In light of defendant's failure to defend against this action, as evidenced by his failure to comply with the Court's Order directing payment of costs and attorney's fees for his failure to waive service pursuant to FRCP 4(d)(2); his failure to communicate with his attorney; his failure to respond to plaintiff's discovery demands; and his failure to retain new counsel or advise the Court that he would proceed *pro se* and otherwise comply with this Court's Order to Show Cause why he should not be held in contempt, the Clerk of the Court is directed to enter default.

**SO ORDERED.**

DATED:  Buffalo, New York
April 19, 2024

                                                   <u>s/ H. Kenneth Schroeder, Jr.</u>
                                                   **H. KENNETH SCHROEDER, JR.**
                                                   **United States Magistrate Judge**